UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSES FRANCISCO,

      Petitioner,

    v.                         Case No.:  2:26-cv-01326-SPC-DNF

ICE FIELD OFFICE DIRECTOR *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Oses Francisco's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Francisco is a native of Cuba who was admitted into the United States as a lawful permanent resident on January 15, 1991.  An immigration judge ordered him removed on November 15, 2006—the record does not reflect why.  On June 8, 2019, Immigration and Customs Enforcement ("ICE") placed Francisco on an order of supervision.  ICE detained Francisco on October 27, 2025, to enforce the removal order.  ICE did not revoke Francisco's order of supervision or conduct the informal interview required by 8 C.F.R. § 241.13(i) until May 1, 2026, after Francisco filed his habeas petition.  ICE attempted to remove Francisco to Mexico on March 3, 2026, but Mexico refused to accept

him.  Francisco is currently detained at Alligator Alcatraz.  He challenges the legality of his detention under the Fifth Amendment.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. 678, 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge Francisco has been detained more than 180 days, so *Zadvydas*'s burden-shifting framework applies. Francisco has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2019, Cuba will not accept him for repatriation, and Mexico recently refused to accept him. The burden thus shifts to the respondents. ICE states it intends to make another attempt to remove Francisco to Mexico, but it offers no reason to believe the Mexican government will change its mind and accept him.

The Court finds no significant likelihood Francisco will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Francisco to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Oses Francisco's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Francisco within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record